# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-60855-BLOOM/Reid

LARRY BENJAMIN,

     Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

     Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiff Larry Benjamin's ("Plaintiff") Objections to Judge White's Report and Recommendation ("Objections"), ECF No. [21]. On August 30, 2018, Judge White issued his Report and Recommendation ("Report"), recommending that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 ("Petition") and certificate of appealability be denied and for the above-styled case to be closed. ECF No. [18]. The Report advised Plaintiff that "[o]bjections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report." *See* ECF No. [18], at 54. On August 14, 2018, upon a *de novo* review of Judge White's Report, and in light of the fact that no objections had been received, the Court adopted Judge White's Report, dismissed Plaintiff's Petition, denied the certificate of appealability and directed the Clerk of Court to close the case. *See* ECF No. [19].

The Court has now received Plaintiff's Objections.[1] Although the Court did not receive Petitioner's Objections until September 21, 2018, Petitioner indicates that he received a copy of

_____

[1] On October 10, 2018, Petitioner filed a Motion for Reconsideration, arguing that this Court should reconsider its Order adopting the Magistrate Judge's Report and Recommendation, ECF No. [19], because it had yet to receive the

the Report on September 5, 2018. ECF No. [22], at 1. Petitioner's Objections were mailed on September 17, 2018, which was within the response deadline imposed by the Report. *See* ECF No. [21]. Pursuant to the prisoner mailbox rule, "a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it." *Newnam v. McDonough*, 2008 WL 539065 (N.D. Fla. Feb. 22, 2008) (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)). The Eleventh Circuit has held that the prison mailbox rule extends to all complaints and other papers filed by a *pro se* prisoner, including in the habeas corpus and 42 U.S.C. § 1983 context. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (noting that "*the date of filing shall be that of delivery to prison officials* of a complaint or other papers destined for district court for the purpose of ascertaining timeliness" (emphasis in original)). Therefore, under the prisoner mailbox rule, Petitioner's Objections were timely made and the Court's prior Order, ECF No. [35], is **VACATED**. The Court now considers Petitioner's Objections.

The Court has conducted a *de novo* review of the portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Taylor v. Cardiovascular Specialists*, *P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). As an initial matter, the Court notes that Petitioner's Objections are improper. The majority of the objections are either further expansions of arguments originally raised in his Petition and considered by the

---

Petitioner's Objections, which he contends were timely filed. ECF No. [22], at 1-2. Petitioner then attached a copy of the Objections, ECF No. [21], for the Court's review. Given that this Order vacates its previous decision adopting the Magistrate Judge's Report and considers the Objections filed by the Petitioner in rendering its decision, and because this was the only basis Petitioner sought reconsideration, the Motion for Reconsideration, ECF No. [22], is denied as moot.

Magistrate Judge or are new issues being raised for the first time in Petitioner's Objections. The objections that amount to further expanded arguments include the following:

a) Trial counsel was ineffective for failing to challenge the competency of the child witnesses (ECF No. [21], at 6-9.);

b) Trial counsel was ineffective for failing to challenge the admission with the handwritten note or impeach the witness with the handwritten note. *Id.* at 9-10.

c) Trial counsel was ineffective for failing object or preserve for appeal the use of religion to bolster witness credibility (*Id.* at 10.);

d) Trial counsel was ineffective for failing to raise the double jeopardy violation (*Id.* at 11-12.);

e) Trial counsel was ineffective for failing to object or preserve for appeal the spousal privilege (*Id.* at 12.);

f) The jury instructions were "invalid" (*Id.* at 13.);

g) Trial counsel was ineffective for allowing the trial to proceed despite the fact that an amended information was filed the day trial commenced (*Id.* at 13.);

h) Prosecutorial misconduct resulted when certain remarks were made during closing arguments (*Id.* at 15.);

i) The trial judge exhibited bias and trial counsel should have moved to disqualify him from the case (*Id.* at 15-16);

j) Trial counsel was ineffective for failing to sever the charges (*Id.* at 16-17.);

k) Trial counsel was ineffective with respect to how a motion for judgment of acquittal was articulated, in that he filed a "bare bones motion" and did not consult on the motion with the Petitioner (*Id.* at 17-18.);

l) Trial counsel was ineffective for failing to object and preserve for appeal hearsay statements made by the child witnesses (*Id.* at 18-19.); and

m) Trial counsel was generally ineffective for failing to prepare a defense or investigate Petitioner's case (*Id.* at 19-20.).

Upon careful review, the aforementioned objections are improper because they merely expand upon and reframe arguments already made and considered by the Magistrate Judge in his

Report, or simply disagree with the Report's conclusions. "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). As a result, these objections are due to be overruled.

Petitioner also raises two additional issues for the first time in his Objections. These issues include 1) that trial counsel was ineffective for ignoring his request to call "M.L.," a witness identified by one of the victims as an "eyewitness" to the events that occurred in Petitioner's case; and 2) that Petitioner was allegedly never given a *Faretta hearing* at his resentencing. ECF No. [21], at 10, 21. "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Because these two claims were not presented to the Magistrate Judge as a part of the original Petition, the Court declines to consider them.

Lastly, Claim Ten of the Petition argues that Petitioner's trial counsel was ineffective for failing to object, move for mistrial or otherwise preserve for appeal the witness' continued references to another victim's alleged abuse. *See* ECF No. [9], at 18. The Petition, however, failed to present this claim with sufficient specificity. Nonetheless, the Magistrate Judge reviewed the record and identified the only portion of the record which it believed applied to Petitioner's claim, and found that dismissal of the claim was warranted. Petitioner did not meet his burden in showing that "no competent attorney would have done as trial counsel did," and

therefore, "trial counsel's performance was not deficient with respect to this exchange." ECF No. [18], at 37. In his Objections, Petitioner argues that Claim Ten should not be dismissed because the Report incorrectly identifies the wrong witness testimony when addressing this claim. ECF No. [21], at 14-15. Specifically, Petitioner contends that he was actually referencing the admission of the handwritten note at trial, not J.E.'s testimony, as identified in the Report in addressing this claim. *Id.* at 14. Nonetheless, the Court finds this objection to be without merit. As addressed in the Report's discussion of the admission of the handwritten note relating to Claim Eight of the Petition, during opening statements, trial counsel characterized the note as "key evidence." ECF No. [18], at 28. The Magistrate Judge found that "[t]he record plainly demonstrates that it was trial counsel's strategic decision to rely upon the note . . . it cannot be said that no competent attorney would rely upon evidence for its impeachment value." *Id.*; *see also Hammond v. Hall*, 586 F. 3d 1289, 1327 (11th Cir. 2009) (concluding that trial counsel's strategy was bold, but not ineffective assistance, by relying upon a video tape to impeach a witness even though it risked inculpating the client with an incriminating police interview). Accordingly, the Court finds that there is no basis to deem trial counsel's performance deficient because he pursued a strategy that did not produce Petitioner's desired outcome. Petitioner's objection as it relates to the Report's recommendation concerning Claim Ten is therefore overruled.

The Court finds that Petitioner's Objections are without merit. Having considered Judge White's Report, Plaintiff's Objections, and having made a *de novo* review of the record, *see Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)), the Court finds Judge White's Report and Recommendation to be well reasoned and correct. The Court agrees with the analysis in Judge White's Report and Recommendation and

concludes that Petitioner's Petition, ECF No. [9], must be dismissed for the reasons set forth therein.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Court's Order Adopting Magistrate Judge's Report and Recommendation, **ECF No. [19]**, is **VACATED**.

2. Magistrate Judge White's Report and Recommendation, **ECF No. [18],** is **ADOPTED**, and Plaintiff's **Objections**, ECF No. [21] are **OVERRULED.**

3. Defendant's Motion for Reconsideration, **ECF No. [22]**, is **DENIED AS MOOT**.

4. The above-styled action shall remain **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette M. Reid

Counsel of Record

Larry Benjamin
660863
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034